**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Case No. 19-45859-nhl <br> Chapter 7 |
| George P Caruselle, Jr. aka George Paul Caruselle, Jr. | Assigned to: <br> Hon. Nancy Hershey Lord |
| Debtor | Bankruptcy Judge |

### LIMITED OBJECTION TO DEBTOR'S MOTION TO IMPOSE THE AUTOMATIC STAY AND MOTION TO DETERMINE THE AUTOMATIC STAY WAS NOT IN EFFECT AT THE TIME OF FILING OF THE INSTANT BANKRUPTCY CASE UNDER 11 U.S.C. SECTION 362(a) PURSUANT TO 11 U.S.C. SECTION 362(c)(4) AND VALIDATE SHERIFF'S SALE

### INTRODUCTION

PNC as servicer for U.S. Bank National Association, as Trustee, Adjustable Rate Mortgage Trust 2005-8 Adjustable Rate Mortgage-Backed Pass-Through Certificates Series 2005-8, (the "Movant"), by and through its counsel, McCabe, Weisberg & Conway, LLC, as and for Movant's Limited Objection and Motion (the "Motion") for an order pursuant to 11 U.S.C. § 362(c)(4) and Rule 4001 of the Federal Rules of Bankruptcy Procedure confirming no stay is in effect under 11 U.S.C. § 362(a) pursuant to 11 U.S.C. § 362(c)(4) at the time of filing and Validate Sheriff's Sale, so Movant may exercise all of its rights and remedies with respect to its security interest in the real property commonly known as 60 Sunnyside Terrace, Staten Island, New York 10301 (the "Mortgaged Premises" or the "Property"), and respectfully represents and states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is found in 11 U.S.C. Sections 105, 362(c), and 1301.

## BACKGROUND

2. On September 26, 2019, George P. Caruselle, Jr. aka George Paul Caruselle, Jr. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code with this Court, and an order for relief was duly entered.

3. Movant has a secured claim on Debtor's Real Property commonly known as 60 Sunnyside Terrace, Staten Island, New York 10301 ("Property").

4. The current bankruptcy was the third bankruptcy case filed by the Debtor within the last year, with the prior two bankruptcy cases being dismissed.

5. Debtor's bankruptcy filings went as follows:

    a. BK No. 18-44104-nhl filed on July 17, 2018 and dismissed on January 21, 2019

    b. BK No. 19-41577 filed on March 19, 2019 and dismissed on May 6, 2019

    c. BK No. 19-45859-nhl filed on September 26, 2019 (the "Instant Bankruptcy Case")

6. Debtor's Property was foreclosed on and was sold on September 26, 2019.

7. Because this was the Debtor's third filing within one year with the prior two being dismissed, under 11 U.S.C. 362(c)(4) there was no automatic stay in place.

8. On October 2, 2019, Debtor filed a Motion to Impose the Automatic Stay.

## ARGUMENT

### THE AUTOMATIC STAY WAS NOT IN EFFECT UNDER 11 U.S.C. SECTION 362(c)(4) AT THE FILING OF THE INSTANT BANKRUPTY AND DEBTOR CANNOT IMPOSE A STAY RELATING BACK TO THE DATE OF FILING OF THE INSTANT BANKRUPTCY CASE

9. 11 U.S.C. Section 362(c)(4)(i) provides if a single or joint cause is filed by or against a debtor who is an individual under this title, and if two or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) *shall* not go into effect upon the filing of the later case.

10. When the instant bankruptcy was filed there was no automatic stay in place.

11. 11 U.S.C. Section 362(c)(4)(B) provides that a party in interest may request the court order the stay to take effect in the case, only if the party in interest demonstrates that the filing of the later case is in good faith. Subparagraph (D) states that a case is presumptively filed not in good faith.

12. Debtor did not include any proof in his Motion that the instant bankruptcy was filed in good faith.

13. 11 U.S.C. Section 362(c)(4)(C) states a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect.

14. Subparagraph (C) describes that a stay can only be imposed on the date that the Motion to impose the stay is heard; therefore, Debtor cannot impose a stay relating back to the filing of the instant bankruptcy.

### THE COURT SHOULD ENTER AN ORDER CONFIRMING THAT NO AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(A) WAS IN EFFECT AT THE COMMENCEMENT OF THIS BANKRUPTCY CASE AND VALIDATE SHERIFF'S SALE

15.     11 U.S.C. Section 362(c)(4)(i) provides if a single or joint cause is filed by or against a debtor who is an individual under this title, and if two or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) *shall* not go into effect upon the filing of the later case.

16.     In this case, this was the Debtor's third filing within one year with the prior two being dismissed.  When the Debtor filed the instant bankruptcy there was no stay in place.

17.     11 U.S.C. Section 362(c)(4)(A)(ii) states on  request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect.

18.     Here, Movant requests an order be entered that there is no stay in effect from the commencement of the instant bankruptcy filing and validate the Sheriff's Sale that took place on July 23, 2019.

## CONCLUSION

**WHEREFORE**, Movant respectfully requests that this Court enter an Order confirming there was no automatic stay in effect at the commencement of the Instant Bankruptcy Case, to render valid the Sheriff's Sale that took place on September 26, 2019 and actions pursuant to and in reliance on the Foreclosure Judgment, including the Foreclosure Sale and subsequent transfers of the Property; and granting such other and different relief as the Court deems just and proper.

DATED:   October 11, 2019
              New Rochelle, New York

**MCCABE, WEISBERG & CONWAY, LLC**

By:    _/s/Melissa DiCerbo_____
Melissa DiCerbo, Esq.
McCabe, Weisberg & Conway, LLC
Attorneys for Secured Creditor
145 Huguenot Street, Suite 210
New Rochelle, NY 10801
Telephone 914-636-8900